IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

J. MARTIN ROBERTSON,

    Plaintiff,

v.

CITY OF NEWARK, OHIO, *et al.,*

    Defendants.

Case No. 2:25-cv-600
Chief Judge Sarah D. Morrison
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court on the Motion to Stay Discovery (ECF No. 40) filed by Plaintiff J. Martin Roberston. Defendants the City of Newark, Ohio, Jeff Hall, Tim Hickman, Tricia M. Moore, Joe Paul, and Toby Willis have filed a Response and Plaintiff has filed a Reply. (ECF Nos. 41, 44.) For the following reasons, the Motion to Stay Discovery is **DENIED**.

## I.

Plaintiff, a lawyer representing himself, filed this action against the City of Newark, Ohio, the city's Mayor and certain employees in their official capacities, and the Licking County Auditor and Licking County Treasurer, also in their official capacities. Plaintiff brings five causes of action pursuant to 42 U.S.C. § 1983 arising from, as he describes it:

> (1) City of Newark employees' issuance of a series of notices alleging that Robertson let grass grow in excess of 10 inches in height on an undeveloped, vacant lot he owns in Newark, Ohio, and deeming him in violation of the city's Property Maintenance Code, a misdemeanor of the first degree and a strict liability offense, for doing that and issuance of a series of citations levying $1,400.00 in fines on him and his lot in 2023; (2) the city's enactment of an ordinance authorizing and directing the city's Director of Public Safety to certify to the Licking County Auditor the $1,400.00 in fines to be placed as a lien on his lot later in 2023; (3) the Licking County Auditor's placement of a lien in the amount of $1,400.00 on the lot

and levy of a fee for doing that in December 2023 or January 2024; (4) the Licking County Treasurer's charges for placement of the lien on the lot and levy of the fee for doing that in the 2023-2024 tax bills he sent Robertson in 2024-2025 and charges for penalties for non-payment of the charges for placement of the lien on the lot and levy of the fee for doing that in some of those tax bills; and (5) city officials' refusal to rescind the notices and the citations they issued and refusal to authorize and direct the Licking County Auditor to vacate, discharge or otherwise cancel the lien in the amount of $1,400.00 on his lot.

(ECF No. 35.) For their part, Defendants, in opposing Plaintiff's current Motion, summarize this action as concerning "a $1,400 fine because Plaintiff repeatedly failed to cut his grass." (ECF No. 41.)

Through his 27-page Motion,[1] Plaintiff seeks to stay discovery pending a ruling on his Motion to Strike City Defendants' Affirmative Defenses, ECF No. 39, which he filed immediately preceding the Motion to Stay. In support of his request for a stay, Plaintiff asserts that this litigation is in its early stages, the resolution of his motion will simplify the issues thereby reducing the burden on the parties and the Court, and there will be no undue prejudice or tactical disadvantage to Defendants. According to Plaintiff, he seeks to strike seven of the ten affirmative defenses asserted in Defendants' Answer and one of these defenses raises immunity issues. This appears to present an additional hook for Plaintiff's request to stay as Plaintiff cites to the general principle that courts are inclined to stay discovery when dispositive motions raise immunity issues. Beyond this, without citing any authority, Plaintiff declares that the assertion of a failure to exhaust defense also necessitates a stay of discovery.

In their graciously succinct response, Defendants assert that there is no reason for discovery to be stayed. Beyond this, they characterize Plaintiff's Motion as a "calculated tactic" designed to increase litigation costs because briefing Plaintiff's motions (the current motion and

---

[1] The Court previously chided Plaintiff's penchant for "prolixity and redundancy", *see* ECF No. 33, but Plaintiff apparently remains undeterred.

2

the motion to strike) will take more time than litigating the affirmative defenses.  (ECF No. 41 at 2.)  Plaintiff challenges Defendants' characterization in his 14-page reply. (ECF No. 44.)

## II.

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ohio Valley Bank Co. v. MetaBank*, No. 2:19-CV-191, 2019 WL 2170681, at *2 (S.D. Ohio May 20, 2019) (quotation marks and citations omitted). District courts have broad discretion to stay discovery. *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005). "The Court, however, "must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977) (citation omitted).  Parties routinely move to stay discovery while a dispositive motion, typically a motion to dismiss, is pending. *See Shanks v. Honda of Am. Mfg.*, No. 2:08-CV-1059, 2009 WL 2132621, at *1 (S.D. Ohio July 10, 2009) ("This Court has had many occasions, over the years, to address the question of whether a stay of discovery should be imposed during the pendency of a motion to dismiss....").  But "as a general rule, this [c]ourt is not inclined to stay discovery while a motion to dismiss is pending...." *Id.*

In deciding whether to grant a stay, courts commonly consider the following factors: (1) the stage of litigation; (2) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (3) whether a stay simplifies the issues; and (4) whether the burden of litigation on the parties and on the court is reduced. *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citations omitted).  The movant bears the burden of showing both a need for delay and that "neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F.2d at 396.

Nevertheless, the United States Court of Appeals for the Sixth Circuit has recognized that "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).  This Court, however, retains broad discretion in determining whether to "stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)).  "At bottom, 'a motion to stay discovery involves a pragmatic decision whether the possibility of saving the time and expense of discovery justifies a delay in proceedings.'" *Anderson v. Catalina Structured Funding, Inc.,* No. 1:21-CV-197, 2021 WL 9000112, at *2 (W.D. Mich. July 1, 2021) (quoting *Romar Sales Corp. v. Seddon*, No. 1:12-cv-838, 2013 WL 141133, at *2 (W.D. Mich. Jan. 11, 2013)).

**III.**

Plaintiff's request for a stay of discovery does not warrant extensive discussion.  To be sure, a motion to strike affirmative defenses generally is considered a dispositive motion.  *Sheils v. Ultium Cells, LLC,* No. 1:25-CV-11210, 2025 WL 2619143, at *3 n.1 (E.D. Mich. Aug. 13, 2025), *report and recommendation adopted sub nom. Sheils v. Ultium Cells, L.L.C.,* No. 1:25-CV-11210, 2025 WL 2618950 (E.D. Mich. Sept. 10, 2025).  The fact that a dispositive motion is pending, however, usually is insufficient to justify a stay of discovery.  *Ohio Valley Bank,* 2019 WL 2170681, at *2.  This is so for several reasons.  First, "[h]ad the Federal Rules contemplated that a [dispositive motion] would stay discovery, the Rules would contain a provision to that effect."  *Williams v. New Day Farms, LLC,* No. 2:10-CV-0394, 2010 WL 3522397, at *2 (S.D.

4

Ohio Sept. 7, 2010) (citation omitted).  Further, a stay of discovery "is directly at odds with the need for expeditious resolution of litigation." *Id.*  Finally, a stay of the type requested here would require the court to make a preliminary finding on the likelihood of Plaintiff's success on his Motion to Strike, thereby "circumvent[ing] the procedures for resolution of such a motion." *Id.*

Indeed, stays of discovery are disfavored except in a limited category of cases, and this, simply put, is not one of them.  This is so despite Plaintiff's efforts to squeeze this case into that limited category by citing Defendants' assertion of immunity and exhaustion defenses.  Plaintiff's attempt, to say the least, represents an "uncharacteristic position." *Murff v. Kervan*, No. 1:23-CV-02193-RLY-KMB, 2024 WL 2941933, at *2 (S.D. Ind. May 24, 2024).  That is, typically it is a defendant who wishes to stay discovery during the resolution of such defenses on a motion to dismiss.  *See generally id.*  Defendants have not done so here, and they firmly oppose a stay of discovery.  This leaves the primary basis for Plaintiff's requested stay to be the pendency of his Motion to Strike, a motion which has been substantially challenged by Defendants.  Accordingly, this is not sufficient to warrant a stay of discovery.

## IV.

For the reasons set forth above, the Motion to Stay Discovery is **DENIED.**  (ECF No. 40.)

**IT IS SO ORDERED.**


Date:  January 7, 2026              /s/ *Elizabeth A. Preston Deavers*
                                    **ELIZABETH A. PRESTON DEAVERS**
                                    **UNITED STATES MAGISTRATE JUDGE**