**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**J. MARTIN ROBERTSON,**

**Plaintiff,**

**v.**

**CITY OF NEWARK, *et al.*,**

**Defendants.**

**Case No. 2:25-cv-600**
**Chief Judge Sarah D. Morrison**
**Magistrate Judge S. Courter M. Shimeall**

**OPINION AND ORDER**

Mr. Robertson, a California resident and attorney, owns a vacant lot in Newark, Ohio. In 2023, the City of Newark notified him that the grass on his lot measured more than 10 inches and thus violated its Property Maintenance Code. After he failed to remediate the violation or otherwise respond to the notice, Newark issued a second notice and levied a fine against him. This pattern continued with increasingly large fines levied in each subsequent notice. Collectively, Newark issued six notices and levied fines totaling $1,400. When Mr. Robertson failed to timely pay those fines, the Licking County Auditor placed a lien on his lot.

Mr. Robertson then sued the Licking County Auditor and Treasurer, the City of Newark, and several city officials, alleging that they failed to properly notify him of these notices and fines in violation of the Fourteenth Amendment. After the Licking County Defendants were dismissed, he filed an Amended Complaint.

However, his Amended Complaint failed to comply with Federal Rule of Civil Procedure 8, so the Court struck it. (*See* ECF No. 33.) He then filed a Second Amended Complaint. Defendants filed an Answer, asserting ten affirmative defenses. (Answer, ECF No. 38.)

Mr. Robertson moves to strike seven of Defendants' affirmative defenses. (Mot., ECF No. 39.) For the reasons below, his Motion to Strike Affirmative Defenses (ECF No. 39) is **DENIED**.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Striking a pleading is a drastic remedy, and motions to strike are viewed with disfavor and are not often granted because of the practical difficulty of deciding cases without a factual record. *Mapp v. Bd. of Educ.*, 319 F.2d 571, 576 (6th Cir. 1963) (citation omitted). "The function of the motion is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with them early in the case." *Operating Eng'rs Loc. 324 Health Care Plan v. G&W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (citation omitted). Although motions to strike can "serve a useful purpose by eliminating insufficient defenses," a district court should strike only defenses "so legally insufficient that it is beyond cavil that defendants could not prevail on them." *United States v. Pretty Prods., Inc.*, 780 F. Supp. 1488, 1498 (S.D. Ohio 1991) (Kinneary, J.) (citation omitted).

## II. ANALYSIS

Mr. Robertson argues that the challenged defenses should be stricken because they fail to meet the pleading requirements articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). (Mot., PAGEID ## 420–22.) In these cases, the Supreme Court held that a complaint must contain sufficient facts to state a claim for relief that is plausible on its face, and mere conclusory statements are insufficient to state a cause of action. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 697.

Mr. Robertson also contends that Defendants' affirmative defenses are irrelevant and should be stricken to narrow the litigation to defenses with "some valid factual basis." (Mot., PAGEID # 424.)

### A. The "fair notice" standard applies to affirmative defenses.

Neither the Sixth Circuit nor the Supreme Court has expressly held that the heightened pleading standard in *Iqbal* and *Twombly* applies to affirmative defenses. *See McAfee v. IC Sys., Inc.*, No. 1:24-cv-474, 2024 WL 4871595, at *1 (S.D. Ohio Nov. 22, 2024) (Bowman, M.J.); *see also Depositors Ins. Co. v. Est. of Ryan*, 637 F. App'x 864, 868–69 (6th Cir. 2016). Courts in this circuit are split on this issue. *Compare Kirkbride v. Kroger Co.*, No. 2:21-cv-22, 2023 WL 5723276, at *3 (S.D. Ohio Sept. 5, 2023) (Marbley, J.) (applying the plausibility standard to affirmative defenses), *with McAfee*, 2024 WL 4871595, at *1 (applying the "fair notice" standard).

The Court declines to apply the *Twombly-Iqbal* pleading standards to affirmative defenses. Rather, an affirmative defense is sufficient "so long as it gives plaintiff fair notice of the nature of the offense." *Lawrence v. Chabot*, 182 F. App'x

442, 456 (6th Cir. 2006). A motion to strike an affirmative defense should be granted only if "it appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense and are inferable from the pleadings." *Operating Eng'rs*, 783 F.3d at 1050 (citation modified). This practice is consistent with Federal Rule of Civil Procedure 8(c), which provides that a party asserting an affirmative defense need only "affirmatively state any avoidance or affirmative defense …." Accordingly, stating an affirmative defense "in general terms" is sufficient to give the plaintiff fair notice of the defense and survive a motion to strike. *See Artisan Est. Homes, LLC v. Hensley Custom Bldg. Grp., LLC*, No. 1:19-cv-566, 2022 WL 2915586, at *7 (S.D. Ohio July 25, 2022) (Black, J.) (plain statements sufficient to fairly notify the plaintiff of the nature of the defenses).

**B. Defendants' Answer gives fair notice of the nature of their defenses.**

Mr. Robertson primarily challenges the relevance of certain affirmative defenses. Because the Court rejects his assertion that the *Iqbal* and *Twombly* pleading standard applies, the Court will address the defenses under the fair notice standard.

**1. Damages Defenses (Defenses 3, 6, 7, and 8)**

Mr. Robertson first moves to strike Defenses 3, 6, 7, and 8, which relate to the avoidance of damages:

> 3. To the extent that Plaintiff claims damages, if any, Plaintiff has failed to mitigate damages, if any.
>
> 6. To the extent that Plaintiff would seek damages, if at all, Defendant enjoys a qualified and/or absolute immunity, including statutory immunity under R.C. § 2307.22, *et seq*. and/or privilege in this case.

> 7. To the extent that Plaintiff would seek damages, if at all, Defendants' actions are protected by a qualified and/or absolute privilege. These Defendants have qualified immunity, absolute immunity, a qualified privilege and/or absolute privilege which bars Plaintiff's action.
>
> 8. To the extent that Plaintiff would seek damages, if at all, Plaintiff's claims are subject to the immunities, defenses, and limitations on damages set forth in Chapter 2744 of the Ohio Revised Code and other applicable statutory immunity.

(Answer, ¶¶ 126, 130–132.)

Mr. Robertson first argues that these defenses are irrelevant because he only seeks injunctive relief. To be sure, the operative Complaint plainly states that Mr. Robertson seeks only injunctive and equitable relief. (*See, e.g.*, SAC, ¶ 5 ("In this case, Robertson seeks injunctive review, both mandatory and prohibitory."), ¶ 6 ("He does not seek damages in this case.").) That said, Federal Rule of Civil Procedure 54(c) does not limit a final judgement to the relief requested in the complaint. *See* Fed. R. Civ. P. 54(c) ("Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."). Accordingly, it is not facially apparent that Defendants could not prevail on these defenses under any circumstances.

Mr. Robertson further challenges Defenses 6 and 8 because they relate to Defendants' state-law statutory immunity for tort claims, so they are inapplicable to his constitutional claims. Mr. Robertson is correct. Ohio's statutory immunities for political subdivisions do not apply to "[c]ivil claims based upon alleged violations of the constitution or statutes of the United States[.]" Ohio Rev. Code § 2744.09(E).

Despite the clear mismatch between these defenses and Mr. Robertson's claims, Defendants offer no justification or basis for asserting them.

Still, that these defenses are inapplicable does not mean that the Court should strike them. Rule 12(f) provides courts the discretion to strike impertinent defenses or let them stand. If the only challenge to a defense is its irrelevance, there is "absolutely no harm" in allowing it to remain in the pleadings. *Conocophillips Co. v. Shaffer*, No. 3:05-cv-7131, 2005 WL 2280393, at *2 (N.D. Ohio Sept. 19, 2005).

The same is true for his attack on Defense 7, which he argues cannot be applied to his claims under Supreme Court precedent. (Mot, PAGEID ## 426–27.) But Mr. Robertson clearly understands the nature of this and the other defenses and recognizes their immateriality to his claims. (Mot., PAGEID ## 425–28.) Mr. Robertson has fair notice of these defenses.

**2. Exhaustion of Remedies Defenses (Defenses 9 and 10)**

Mr. Robertson also moves to strike Defenses 9 and 10, which pertain to the exhaustion of state remedies. (Answer, ¶¶ 133–34.) The parties disagree over the viability of these defenses and whether they apply in this case. (*See* Mot., PAGEID ## 428–29; Resp., ECF No. 42, PAGEID # 466; Reply, ECF No. 43, PAGEID # 479.) The Court finds it improper to resolve the parties' legal and factual dispute by striking these affirmative defenses. Once again, Mr. Roberston understands the nature of these defenses – he just disagrees with them.

### 3. Equitable Doctrines (Defense 4)

Finally, Mr. Robertson moves to strike Defense 4, which asserts various equitable defenses. (Answer, ¶ 127.) He argues that this defense fails to include sufficient facts to provide him with fair notice of the nature of each equitable defense stated therein. (Mot., PAGEID # 430.) The Court disagrees. To the extent Mr. Robertson needs more information regarding the factual basis of this defense, he may seek it through the discovery process.

## III. CONCLUSION

For the reasons stated herein, the Motion (ECF No. 39) is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**