**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **J MARTIN ROBERTSON,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Case No. 2:25-cv-00600**<br>**Chief Judge Sarah D. Morrison**<br>**Magistrate Judge S. Courter M. Shimeall** |
| **CITY OF NEWARK, OHIO, *et al.*,** | : | |
| **Defendants.** | : | |

**<u>OPINION AND ORDER</u>**

The City of Newark, Jeff Hall, Tim Hickman, Joe Paul, Toby Wills, Tricia Moore, Esq., and Michael Cox, Esq. ("Defendants"), move for a protective order to limit Plaintiff's depositions, as currently noticed. (ECF No. 54.) Plaintiff J. Martin Robertson, an attorney proceeding on his own behalf,[1] opposes Defendants' request. For the reasons that follow, the Court **GRANTS in part and DENIES in part** Defendants' Motion. (ECF No. 54.)

## I. BACKGROUND

What started out as a series of citations and fines for grass that had grown too tall in a vacant lot has resulted in Plaintiff bringing this action under 42 U.S.C. § 1983 alleging that the City's enforcement of its Property Maintenance Code violated his constitutional rights. (*See* ECF No. 35.) Specifically, Plaintiff alleges that the City Defendants failed to allow reasonable time for

---

[1] Although proceeding on his own behalf, Plaintiff has been educated as an attorney. Thus, he is not entitled to the leniency generally afforded to other litigants who represent themselves. *See Hunter v. Hamilton Cnty. Bd. of Commisioners*, No. 1:21-CV-544, 2024 WL 4451619, at *2 (S.D. Ohio Jan. 8, 2024), *report and recommendation adopted*, 2024 WL 4343032 (S.D. Ohio Sept. 30, 2024) (finding that pro se plaintiffs who have been educated as an attorney are not entitled to the less stringent standards generally afforded to *pro se* litigants).

him to receive and challenge the citations, enforced contradictory code provisions, and did not give him sufficient notice when those fines were certified as a lien on his property. (*Id.* at PAGEID #: 354–78.) Plaintiff now seeks injunctive relief as to the notices and citations totaling $1,400, the lien on his property, and future enforcement of the City's Property Maintenance Code, as well as litigation costs. (*Id.* at PAGEID #: 378–79.)

Currently before the Court is the parties' dispute surrounding Plaintiff's deposition notices. After the parties were unable to resolve the dispute in an informal discovery conference before the Court, they were granted leave to brief the matter.

## II. LEGAL STANDARD

Generally, under Federal Rule of Civil Procedure 26(b), the parties have the right to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevance is considered in conjunction with whether the information sought is "proportional to the needs of the case," as well as "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

Although broad, the scope of discovery is not limitless. Courts can limit discovery if "the discovery sought is unreasonably cumulative or duplicative," "can be obtained from another source that is more convenient, less burdensome, or less expensive," or "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). A party can also move under Rule 26(c) for a protective order "from annoyance, embarrassment, oppression, or undue burden or expense" pertaining to discovery. Fed. R. Civ. P. 26(c)(1). The moving party must demonstrate "good cause" to justify the need for the protection, and must identify such harms "with a particular

and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Serrano v. Cintas Corp.*, 699 F.3d 884, 899–900 (6th Cir. 2012). In fashioning a remedy, Courts may forbid the discovery altogether, or limit the scope or manner of production of the at-issue discovery. Fed. R. Civ. P. 26(c)(1)(A)–(H). Ultimately, the Court "must balance the 'right to discovery with the need to prevent 'fishing expeditions.'" *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236–37 (6th Cir. 2016) (quoting *Serrano*, 699 F.3d at 902 (citations omitted)).

**III. ANALYSIS**

At issue here are three deposition notices issued by Plaintiff for Toby Wills, Joyce Benson, and Joe Paul. (ECF No. 55, at PAGEID #: 550–51.) Defendants seek a protective order against Plaintiff's deposition notices for the above witnesses on the grounds that such depositions would be disproportionate, cumulative, and largely irrelevant. (ECF No. 54.)

Defendants frame this case as one where Plaintiff is only seeking an injunction for a $1,400 fine for failing to cut his grass. (ECF No. 54, at PAGEID #: 529.) Through that lens, Defendants contend that the approximate 13 to 15 hours of deposition testimony Plaintiff seeks in this case is disproportionate, irrelevant, and a litigation tactic to increase defense costs. (*Id.*) Defendants further contend that Plaintiff has already engaged in excessive discovery, including through five sets of interrogatories, three sets of requests for admissions, and three sets of requests for production of documents. (*Id.* at PAGEID # 530.) They argue that Plaintiff has not pursued any aspect of this litigation in an economical or efficient manner, and, therefore, the Court should limit the depositions. They propose limiting Plaintiff to either one deposition under Rule 30(b)(6) on relevant and proportional topics, or for the Court to limit each of the three individual depositions to one hour a piece. (*Id.* at PAGEID #: 528.)

Plaintiff disagrees with Defendants' proposed limitations and characterization of his case. He contends that each proposed deponent has relevant information to help prove the claims in his case, and each took "significant and distinct actions" in the enforcement actions against him. Specifically, he contends that Mr. Wills, as the City's Code Enforcement Official, inspected his lot, sent him notices of administrative warning, notices of non-compliance, and citations, and refused to waive the fines. (ECF No. 55, at PAGEID #: 555.) He contends that Ms. Benson, as a clerk, handled complaints, communicated with Plaintiff, and assisted in the preparation of notices, citations, and bills. (*Id.*) Finally, Mr. Paul, as the City's Property Code Official and Property Maintenance Coordinator, inspected or supervised inspections of Plaintiff's lot, supervised both Mr. Wills and Ms. Benson, and was involved with the lien on Plaintiff's property. (*Id.*) Thus, as Plaintiff sees it, because they each had unique and specific roles in the enforcement process, Plaintiff believes that each witness has distinct, firsthand knowledge that cannot be obtained through a Rule 30(b)(6) designee or within a one-hour examination of each witness. (*Id.*, at PAGEID #: 548–49, 555–56.) Finally, he relies on the constitutional issues raised and the value of the lot in question (at least $250,000) as factors that weigh in favor of allowing him the discovery he seeks. (*Id.*)

As to the logistics, Plaintiff indicates needing approximately three to five hours for each witness. (ECF No. 55, at PAGEID #: 550–51, 559–60.) His proposed areas of examination include the witnesses' roles in the challenged enforcement actions; inspections, notices, citations, communications, appeals, and lien-related activity; City policies and practices; and the factual basis for certain defenses. (ECF No. 54-2, at PAGEID #: 539–47.)

After consideration of the parties' arguments in conjunction with the Rule 26(b) factors, the Court finds that some judicial oversight is warranted in the manner that follows.

The Court recognizes that Plaintiff's desire to depose these witnesses is not necessarily an unreasonable request in and of itself. Indeed, upon review of Plaintiff's topics, the Court finds that at least a number of them appear to be relevant to the facts and issues in this case. (*See* ECF No. 54-2.) Likewise, all proposed witnesses are alleged to have had direct involvement in the inspection and citation process. (*See generally* ECF No. 35.) Additionally, Plaintiff is correct that Defendants have access to the information, and he has provided some at least some support that Defendants have not provided him access to that information through written discovery, at least to date. (*See* ECF Nos. 55-4, and 55-5.) As such, deposition testimony could help resolve any remaining outstanding questions. Thus, these factors weigh in favor of Plaintiff's request to depose these witnesses.

That said, other factors weigh against Plaintiff's request—at least in its current form. For example, although the Court recognizes that this lawsuit might be about more than just a $1,400 fine and the overall process itself, it is nonetheless a relatively narrow dispute,[2] involving discrete issues, and a nominal amount of money. The Court has also reviewed the proposed topics and finds that they are almost entirely duplicative for each witness. (*See* ECF No. 54-2.) In pointing to the redundant and duplicative nature of these topics, Defendants contend that both the district judge and former magistrate judge have previously recognized, and cautioned Plaintiff against, his excessiveness and redundancy in this litigation when they struck his complaint and addressed his lengthy motion to stay, respectively. (*Id.* at PAGEID #: 530.)

Additionally, in considering the proportionality, when the Court looks at the case as a whole, including Plaintiff's Second Amended Complaint and Defendants' Answer, this case

[2] Although Plaintiff argues that the constitutional issues are important not just to him but also to the rest of the community, he brings this action only on his own behalf, and this action implicates only his rights—thus, the Court does not find this argument persuasive.

centers on whether the notices, citations, and overall process were fair and reasonable—not, so far as the Court can tell at this stage, factual issues of whether Plaintiff actually received notices, citations, or fines. In other words, even if there are questions being raised by Plaintiff as to the fairness or legal sufficiency of the process, the facts underlying those legal questions are largely uncontested.[3] This also lends credence to Defendants' arguments that duplicative depositions on topics, such as when notices were sent, would have minimal impact on Plaintiff's claims and yet create an undue burden and expense to Defendants to prepare and sit for each deposition.

Accordingly, when balancing Plaintiff's need for certain additional information with the proportionality needs of this particular case, some curtailment is warranted in this particular set of circumstances.

As to how to address this, the Court finds that the best way will be to approach depositions in a sequential manner, starting with Mr. Paul. Based on the topics proposed, Mr. Paul likely holds the most relevant information as he was involved in both the inspection process and the citation issuance. Further, Plaintiff alleges in his Second Amended Complaint that Mr. Paul supervised both Mr. Wills and Ms. Benson and authorized their conduct. (*See* ECF No. 35, ¶ 16.3, at PAGEID #: 336.) Thus, he is likely to possess the same knowledge that Mr. Wills and Ms. Benson would testify to as it relates to most of the allegations here. Finally, to the extent Plaintiff seeks information regarding the City's policies, procedures, or implementation of the same, of the three, Mr. Paul as supervisor would be the one most likely to have that information. Thus, at this time the Court will permit Plaintiff to depose Mr. Paul first, up to four hours, which is the time Plaintiff indicated he needed. (*See* ECF No. 55, at PAGEID #: 551.)

---

[3] To that end, the Court encourages the parties to review the proposed topics before proceeding to any further depositions to determine if certain evidence can be stipulated to in lieu of further discovery.

Further, the Court sees the wisdom in Defendants' suggested approach of a deposition under Rule 30(b)(6), but will not require Plaintiff to proceed in that manner. In lieu of taking Mr. Paul's deposition, however, Plaintiff would be permitted to re-notice the deposition under Rule 30(b)(6) instead, the time limits of which would be governed by Federal Rule 30.

Ultimately, the Court is not yet convinced that Plaintiff should be prohibited from further depositions in this case. *See, e.g.*, *Ameritas Life Ins. Corp. v. Wilmington Sav. Fund Soc'y (In re Peyton)*, No. 1:24-MC-0010, 2024 WL 4581247, at *2 (S.D. Ohio Oct. 25, 2024) ("In general, protective orders totally prohibiting a deposition should be rarely granted absent extraordinary circumstances." (quoting *Libertarian Party of Ohio v. Husted*, 302 F.R.D. 472, 479 (S.D. Ohio 2014) (further quotations omitted)). Indeed, Plaintiff has not yet taken any depositions in this case yet, so it is premature for the Court to find that additional depositions will be unreasonably cumulative and duplicative.

Still, this phased approach will help ensure that the depositions proceed smoothly, in a reasonable fashion, and in compliance with the Rules related to discovery. Thus, after Plaintiff has taken Mr. Paul's deposition (or if he chooses, a deposition under Rule 30(b)(6) instead), and upon review of the information he received, if he believes that either Mr. Wills or Ms. Benson contain relevant information that would not be unreasonably cumulative or duplicative, he may seek additional depositional discovery at that time by contacting the Court and requesting another informal discovery conference.

## IV. CONCLUSION

For these reasons, Defendants' Motion for a Protective Order is **GRANTED in part and DENIED in part**. (ECF No. 54.) The parties shall proceed as outlined in this Order and meet and

confer within **FOURTEEN DAYS** of the date of this Order to arrive at an agreed-upon date and time for Mr. Paul's deposition.

**IT IS SO ORDERED.**

*<u>/s/ S. Courter M. Shimeall</u>*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**